The first case today is 15-1-448, Elvis Saldivar v. Daniel Racine, etc. et al. Mr. McCormick. Good morning, Your Honors. May it please the Court? Edward McCormick on behalf of Elvis Saldivar. Your Honors, this is an appeal from an order of the District Court pursuant to allowing both defendants' motions to dismiss pursuant to 12b-6. The Court is well aware, I believe, of the standard to survive a motion to 12b-6. The plaintiff must prove sufficient facts to show that the cause of action for relief is more plausible than not on its face. In the instant case, we believe that the plaintiff has and that the District Court committed error. The plaintiff has alleged the following, that on or about June 7, 2011, she sent a complaint to the Fall River Police Department saying that her children had been harassed. The police responded that on June 8, the next day, 2011, one of the defendants, an officer, Anthony Pridgen, arrived at her home, entered her home after driving a police cruiser, entered her home in police uniform with a gun issued by the Fall River Police Department, threatened her, stuck the gun in her face, and raped her. Ms. Salvador reported the incident. Fall River Police conducted an investigation. A search warrant was issued that found extensed tablets in condoms in Mr. Pridgen's police locker. Mr. Pridgen, on June 23, 2011, resigned from his position as a Fall River Police officer. He was never charged, as I understand it. That's correct, Your Honor. There was an investigation, but no charges were brought. No, Your Honor, it's in a complaint. There was an investigation by the Fall River Police. The matter was turned over to the Bristol County District Attorney's Office, rather than the Massachusetts Attorney General's Office, and it was a decision not to prosecute. Prior to that incident, Mr. Pridgen had been the subject of numerous disciplinary matters and measures. And indeed, as we've set forth in the second amended complaint, Mr. Pridgen was the subject of ten separate disciplinary matters from 2007 to 2011. But none were even close to what happened in this case. That's correct, Your Honor. Why would that necessarily put the department on notice that this was a man who was likely to improperly access a complainant's house and rape the woman? Well, there was no sexual assault on it, and the district court focused on that as well, Your Honor. But I would answer the question for two reasons. A police officer who has been disciplined for whatever reasons, ten times in four years, I think at some point becomes the people in charge, in this case the city of Fall River and the police chief, have some reason to know this is a bad apple, or this is a person who's not going to follow the rules. The second answer, and I think the most important answer, is that on June 16th, by a letter of June 16th, and this is page 293 of the record appendix, June 16th, 2011, some eight days after the assault on Ms. Salvador, Mr. Pridgen is again suspended. And he is suspended because it is discovered he hasn't had a license to carry a firearm for five years. That was the same firearm which was used in the assault on Ms. Salvador. We would argue, and I think it's certainly a reasonable argument, this is not just conclusionary paragraphs in a complaint, that all they had, if they were negligent in issuing a police revolver, the man had no license to carry, as is required by Massachusetts law. They never even checked that, yet that's the same revolver that's used in the assault. Now, does a police officer need to have a separate state license, or the fact that he is a police officer, does that give him a right to carry a gun? No, Your Honor, I don't believe it does. I believe he must still have a license, and I believe that is the city of Fall River states that, that the chief, Daniel Racine, in the letter said, that's why I'm suspending you. You've got to have a license to carry. You haven't had one for five years. What's your theory of the connection between not having the license and the activity that you allege the officer engaged in? Well, Your Honor, first of all, before he raped her, he threatened her with that gun. But what I'm trying to figure out, what's the relationship between not having licensed it and the notice that the police department would then be on with respect to the behavior of the officer? If the police had known that he had not had a license, they wouldn't have issued the gun. They could not have issued the gun. Therefore, he would not have had the gun at the time of the assault. They would have just told him he had a license, wouldn't they? Presumably. But the fact of the matter is, this is a man who had been reprimanded and disciplined ten times in four years. The big difficulty you have, I think, is this Court's opinion in Pagan-Cruz. And when you line up the disciplinary record of the officer in Pagan-Cruz, and that was found to be insufficient because you have to prove more than negligence, right? How do you distinguish this case? It seems this guy had a few more disciplinary events, but on the whole, a much less serious disciplinary record than did the officer in Pagan-Cruz. That's correct, Your Honor. I would say to answer the question in two ways. First of all, I think the gun. I think the gun to say that there was not deliberate indifference by the policymaker, the chief of Daniel Racine, in the city of Fall River, and all they had to do was check to see if he had a license. Instead, they don't, and they issue it to him. Is your underlying argument that if he had in fact gone to get a license because of the Massachusetts rules on who can get a license to carry a gun, that in that licensing process, he would not have gotten a license because of some other factor or because he had been carrying illegally for four and a half years? Five years? Well, Your Honor, that would be totally speculative, and that is something I would suggest to the court, why this is not a proper 12B6 disposition. But doesn't the speculative aspect of it go just the other way in terms of the plausibility of the allegation? In other words, if the complaint fleshed out in some detail about how the licensing process would bear on the responsibility of the police department, then we wouldn't have to speculate about it. But as the complaint's now stated, all we know is he didn't have a license. And from that, we have to then speculate that somehow the licensing process would bear on the responsibility of the police department, but we're not really supposed to speculate in determining whether you've stated a claim. No, Your Honor, but I do believe that we're not just issuing conclusionary statements and accepting the allegations as true on 12B6. Certainly, the points that Your Honor's are breaking up, that may well be appropriate for Rule 56 motion. But the question becomes, how much does the plaintiff have to allege, and what is the burden on the plaintiff on a 12B6 motion? Well, what you're saying, I mean, you're making a good argument for saying you've got enough to allege a negligence claim against the city, and I assume you've tried to pursue that, and you've certainly got enough to sue the officer. But you're here today to try to show that you've got enough to meet the heightened burden of imposing vicarious liability on a municipality for a Section 1983 violation. And I keep coming back to you saying, well, they didn't know he didn't have a license. I mean, in Pagan Cruz, they knew that he'd actually taken a gun and threatened a woman with the gun, and yet that wasn't enough to put them on notice that he would actually execute someone. Your Honor, I think the best I can do is I disagree with Pagan Cruz. But to answer your – to bring up one point, Your Honor, under appeal before this Court is also the dismissal of the negligence claim by the district court. And we certainly think that while arguably we have a heightened – we do, we recognize we have a heightened burden on a 1983 action, we do believe we have alleged enough under the Mass Court Claims Act, which was also dismissed by the district court. And we would ask the court to reverse that dismissal. And what's your jurisdictional basis for proceeding forward with the state law claim in federal court? Well, it may have to be remanded back to the state court, Your Honor. But whether there's pendant jurisdiction or not, I think that would be a question for the district court. And whether the state claim gets remanded back to the superior court is a different question. But I do think that what is clear here is that the district court – when we said the district court erred on the 1983 action, it clearly erred on the negligence action. And you appealed both? Yes, Your Honor. And that is part of this appeal. This is part of the case before you. Thank you. Thank you, Your Honor. Good morning, Your Honors. Andrew Gambaccini for Chief of Police Daniel Racine. Your Honors, there really are two pillars to the plaintiff's argument on appeal. The first is a notion that this court and courts across the country have rejected repeatedly over the years. And that is that the misconduct of a subordinate police official is sufficient to place a supervisor or, to that extent, the city, in a Minnell theory, on notice of qualitatively dissimilar future misconduct. What do you say about the negligence claim? That's not something that impacts the chief. He is barred – he is immune from liability for negligence under 258-2. In terms of the claims that are made against the chief, the record does contain 11 pieces of discipline for this subordinate officer over the course of 10 years. None of them involve anything not only to do with sexual assault. Yes, but the gun bothers me because Massachusetts has a fairly robust set of requirements for one to carry to have a gun. If, in fact, he needed a license to have a gun and did not have that license and had carried improperly for five years, isn't that somewhat different? Doesn't that raise a very different issue than these other less significant problems? Respectfully, Your Honor, it does not. The reason is, first, in Massachusetts – and this is at page 26 of the appellee's brief – it is permissible for a police officer in Massachusetts to what is called carry on the badge. It is not a crime for a police officer to have a weapon while on duty, even without an active license to carry. It may be a violation, as it was in this instance, of department policy not to have a license to carry. And this hasn't been briefed, but essentially the standard for – it's oftentimes for record-keeping purposes. Frankly, doing some of the work in disciplining police officers, I can tell you that the standard, absent statutory disqualifiers such as a criminal conviction whereby a person cannot have an LTC, the standard is the suitability of the person. It is a very – Right, but that's – I think that's sort of the concern, is that in terms of deliberate indifference, the argument would be just – and there's a question how much of this is actually in the complaint, so I take that point. But just to understand the theory, if the town has a self-professed idea that they're concerned about the suitability of officers carrying guns, and yet doesn't check to see whether they're in fact suitable and lets them have the gun for five years, you can begin to see how that sounds a little bit like deliberate indifference as to whether they're suitable to be carrying these guns. To cut to the essence of that point, Your Honor, I would suggest that the best way to analyze that issue would be keeping in mind that this event with the plaintiff took place in early June of 2011 to move in time to late May of 2011. And imagine a police supervisor in that scenario looking at this officer's record for whatever reason and seeing that there had not been an active license to carry for that officer for at that point five years in time. You would be looking at an officer in May of 2011 who had been disciplined for tardiness, abusive sick leave, an at-fault cruiser accident, and various other relatively minor incidents. There would be nothing in that record to suggest that this, number one, is a person who is unsuitable to carry a firearm. Whose responsibility is it to get licensed? The officer's. So you'd also be looking at somebody who for five years didn't bother to get licensed. Which is consistent with the officer's disciplinary history, inattention to duty, that sort of thing. But that doesn't put that supervisor on notice, I would suggest, in May of 2011, that he hasn't had a license to carry for five years. I believe he's going to use that firearm in a sexual assault next week. It is in that way similar to a driver's license issue. We know from the record that the police officer took a marked cruiser to the plaintiff's home. If, for instance, it had not been his LTC that had been expired, but a driver's license, could we say reasonably that it would be sufficient to place a supervisor on notice that an individual, an officer without an active driver's license, would use a means of transportation to go and sexually assault someone? On this record, I would suggest that's not the case. You know, I go back to what's bothered me, and the complaint is a problem. But it seems to me that if I were a chief, and I had an officer I discovered had not had a license, I would want to know why. That would put me on notice, why does he not have a license? It's policy of the department, and yet he hasn't gotten a license. The unspoken was perhaps he couldn't get a license for reasons which the chief was unaware of. I understand you've got a complaint problem, but that's sort of troubling to me. I see that my time has expired, if I may answer that question. Your Honor, I would go back to the same point, that it would be consistent with this officer's history that essentially paperwork was a problem for him. We don't know why, on this record, he did not apply for what would be the rather ministerial task of filling out a renewal application and paying the filing fee. Perhaps it was having to pay a filing fee that caused this person to say, I'm not going to submit a renewal application. But the question really comes down to this LTC issue. Would that, in and of itself, put a chief of police on notice that this person was going to sexually assault someone in the coming days? Thank you, Your Honor. Good morning, Your Honor. Good morning. Gary Howiak, representing the City of Fall River. Your Honor, with regard to the City of Fall River, there are two causes of action against it, the 1983 action and there is still a negligence action. Obviously, both were dismissed by Judge Gordon, and I would ask that you, for the reasons stated by Judge Gordon, uphold the dismissal. Your Honor, in the 1983 case, the 1983 actions, through the case of Monell, indicates that the claim against the city is an action where the official policy of the city would be responsible for the constitutional deprivation. There was no policy in force. The allegation, in essence, by the plaintiff, is that because of the personnel file of the defendant, Pritchett, that somehow the City of Fall River should have had notice. There's no question about it. I think everybody would agree that the infractions are, frankly, de minimis. Tardiness, somebody being late. Anybody in the workforce has these exact, well, could have these exact type of infractions. And are you saying that's not enough for negligence? No. And why not? Because you have to look at foreseeability. You know, would the- They didn't even enforce their own. They didn't even check to see if their own policy on guns was being followed. Well, there are obvious infractions. If you're late for duty, you can see it. There are probably random checks at times. And, Your Honor, perhaps the police department did not timely check this person's license to carry. However, it's not a-it might be a violation because you have to go through a procedural, you know, gymnastics to make sure that you have the paperwork. But since it's not an illegal function to carry while you're a police officer through the statute, carry on the badge, I don't think it's- Can I just-the district court says the following on the negligent claim. Plaintiff alleges the city was negligent in its training of Pritchett, and reinstating him several times without pay and failing to supervise his actions properly. Okay. And then it says the court has already rejected that argument in its analysis of the Section 1983 claim. Isn't that wrong? Because the Section 1983 claim is not an analysis of the negligence claim. So the standard is just-as the record comes to us, we don't have a district court ruling on whether there was negligent conduct. It says we only have a district court ruling on whether deliberate indifference standard was met. It says it wasn't. I believe both standards, in essence, go to foreseeability. In other words, with regard to negligence, to establish the duty, you have to see the precondition of a duty is foreseeability. And the foreseeability in this case is so far-fetched from the record of what, for instance, the city of Fall River would have had. It's not foreseeable that this crime would have occurred based on this record. Why do you say it's far-fetched? Because for purposes of 12b-6, we assume that he did what the plaintiff claimed he did, and it was this officer showed up at her house when she's responding, when she's calling for help. He goes in, threatens her with a gun, and rapes her. If that's true, doesn't it seem plausible that this guy didn't just wake up that particular day and decide he was a bad actor, that there's probably or there plausibly could be lots of stuff he's done, that they may well have found out had they enforced their policies and paid more attention and were just at the 12b-6 standard? I understand, Your Honor. To answer your question, I believe not. I don't believe it survives the equal plausibility standard. I think you're making, in that concept, you'll be making too many inferences by conjecture that are not stated in the complaint. You know, I would suggest that the complaint is an iteration of a cause of action as opposed to any specifics. One matter that I would address with regard to this as well as far as the defense is whether he's even acting under the color of law. There's no question about it. He's in uniform, goes to the house pursuant to a call. But at some point in time, his actions leave the color of law in their personal pursuits. Is that relevant to the negligence claim? Not to the negligence claim. Yeah, but that's the general problem with the way the case seems to have been decided below, which is that it just equates the negligence claim with the 1983 claim, which I can see is easy to do. But when you pull them apart, you just need to analyze it separately. Even if you separate the negligence claim, your Honor, though, I would suggest as a final argument that it is still a far reach between the complaint as drafted with the light of the plausibility with regard to. I've looked at all of your cases. Do you have any case similar to this which was decided at 12 v. 6 as opposed to summary judgment or after trial? All the cases that you cite seem to be at summary judgment or after trial. If that's what you, Your Honor, have discovered, I don't believe I have any others. And for a negligence claim, I mean, the form pleading for negligence cases is, I was driving down the street, you were driving down the street, you operated a vehicle negligently and caused harm to me. Isn't that enough for a notice pleading? Yes. And then why isn't this? He said this officer, an employee of the city, came and raped me. They should have known they were negligent and not knowing that he might do it. Doesn't that get them into discovery? And then maybe you win on summary judgment. And they've identified some facts, at least, which further flush that out as to why they think they didn't live up to their duty to supervise. And I understand. And I would suggest that the court didn't just en blanc dismiss it at that motion hearing. The court then did say, you know, we want further discovery from you, provide all the documentation regarding this police officer, which was provided, and that ended up creating the second amended complaint. And it was only based on the second amended complaint that the court then still dismissed the negligence action. But, you know, if you had gone beyond 12B6 and you had gotten into depositions, perhaps this gun issue might have fleshed out in a different way. And that's the troubling part for me is that, as I said initially, every case you cited is not at 12B6. It's on summary judgment or after trial. I think that makes the point that something might have developed if they had had a further chance to discover. Understood, Your Honor. I just have one last comment, which would be that I think you go back to Iqbal and the plausibility, and that's too far of a stretch of what might happen. I think that the courts have been typically disinclined to try to imagine the possibilities at the complaint stage. Thank you. Thank you.